IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WILLIAM R. PESKIN, MARK PERKINS; KENNETH L. KLAER; and MARIE R. KLAER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>PEACHTREE INVESTMENT SOLUTIONS, LLC; DWAYNE PETERSON DAVIS; J. STEPHEN BUSH; OLD IVY CAPITAL PARTNERS, LLC; DANIEL S. CARBONARA; BRYAN CAVE LEIGHTON PAISNER LLP; TENNILLE & ASSOCIATES, INC.; JEAN H. ROBERTS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF DAVID R. ROBERTS; FOOTHILLS LAND CONSERVANCY, INC.; WILLIAM C. CLABOUGH, SR.; and WARREN AVERETT, LLC,<br><br>*Defendants.* | C.A. No. 1:21-cv-00002-SCJ<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BRYAN CAVE LEIGHTON PAISNER LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 116)**

Defendant Bryan Cave Leighton Paisner LLP ("Bryan Cave") respectfully submits this Notice of Supplemental Authority to alert the Court to the recent decision in *Hewitt v. Commissioner*, No. 20-13700, 2021 WL 6133999 (11th Cir. Dec. 29, 2021). *Hewitt* held that the extinguishment proceeds regulation (26 C.F.R. § 1.170A-14(g)(6)(ii)), which prohibits "improvements clauses" that subtract the value of post-donation improvements from the sale proceeds allocable to a conservancy after an easement is extinguished, is invalid under the Administrative Procedures Act.

*Hewitt* negates the causation element of every one of Plaintiffs' claims against Bryan Cave. *See* Dkt. 116-1 ("Brief") at 9–10, 13 (explaining that Plaintiffs' claims fail for lack of causation); Dkt. 142 ("Reply") at 3, 5–6, 9–10 (same). Plaintiffs' claims arise from their investments in the "High Point" and "TOT" transactions, which are the subject of the Tax Court cases *High Point Holdings, LLC v. Commissioner*, 10896-17 (T.C.), and *TOT Property Holdings, LLC v. Commissioner*, 5600-17 (T.C.). *See* Dkt. 105 ("FAC") ¶¶ 118–20, 160–64. In both cases, the Tax Court ruled that the tax deduction claimed by the relevant LLC (High Point Holdings, LLC and TOT Property Holdings, LLC, respectively) should be denied, because the deed of easement used in the underlying transaction purportedly violated the extinguishment proceeds

2

regulation. *See* Dkt. 97-2, Exhibit F at 2 (Tax Court concludes that High Point easement does not comply with "§ 1.170A-14(g)(6), Income Tax Regs"); *TOT Prop. Holdings, LLC v. Comm'r*, 2019 WL 11880554, at *5 (T.C. Nov. 22, 2019) (holding TOT easement does not comply with "26 C.F.R. sec. 1.170A-14(g)(6)(ii)"). And Plaintiffs contend that Bryan Cave caused their alleged injuries by failing to identify the supposed conflict between the extinguishment proceeds regulation and the conservation easement deeds at issue. *See* FAC ¶ 200 (basing claims on Bryan Cave's supposed erroneous analysis of the "applicable laws and regulations"); *see also id.* ¶ 164a (acknowledging that the Tax Court denied the deduction claimed by TOT Holdings "because the distribution of extinguishment proceeds clause is inconsistent with applicable regulations"); *id.* ¶¶ 119–20 (parallel allegation regarding High Point Holdings). But in *Hewitt*, the Eleventh Circuit held that the extinguishment proceeds regulation is *invalid*, precluding any argument that the regulation—and Bryan Cave's alleged failure to point out the deeds' supposed non-compliance with that regulation—caused Plaintiffs' alleged injuries.

This is yet another reason that the Court should dismiss all of Plaintiffs' claims against Bryan Cave with prejudice.

3

Dated: January 10, 2022

Respectfully submitted,

**COUNSEL FOR DEFENDANT BRYAN CAVE LEIGHTON PAISNER LLP**

 /s/ *Eric P. Schroeder*

Eric P. Schroeder
(Ga. Bar No. 629880)
Brian McKinley Underwood, Jr.
(Ga. Bar No. 804091)
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 West Peachtree St., N.W.
Atlanta, GA 30309-3471
(404) 572-6600
eric.schroeder@bclplaw.com
brian.underwood@bclplaw.com

Kevin S. Rosen (*pro hac vice*)
Joseph R. Rose (*pro hac vice*)
Daniel S. Nowicki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue, 46th Floor
Los Angeles, CA 90071-3197
(213) 229-7000
krosen@gibsondunn.com

*Attorneys for Defendant Bryan Cave Leighton Paisner LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                                                                 /s/ *Eric P. Schroeder*
                                                             Eric P. Schroeder

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that on January 10, 2022, the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B).  This paper was prepared on a computer using Century Schoolbook thirteen-point font, double-spaced.

                                                              /s/ *Eric P. Schroeder*
                                                             Eric P. Schroeder