# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM R. PESKIN; MARK PERKINS; KENNETH L. KLAER; and MARIE R. KLAER, on behalf of themselves and all other similarly situated,<br><br>                *Plaintiffs*,<br><br>v.<br><br>PEACHTREE INVESTMENT SOLUTIONS, LLC, et al.,<br><br>                *Defendants.* | **CASE NO. 1:21-cv-00002-SCJ** |

## PLAINTIFFS' RESPONSE TO
## DEFENDANT BRYAN CAVE LEIGHTON PAISNER LLP'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Response to Defendant Bryan Cave Leighton Paisner LLP's ("Bryan Cave's") Notice of Supplemental Authority (Dkt. 150). In short, Bryan Cave reaches too far in arguing that the recent decision, *Hewitt v. Commissioner*, No. 20-13700, 2021 WL 6133999 (11th Cir. Dec. 29, 2021), "negates the causation element of e*very one* of Plaintiffs' claims against Bryan Cave" in this action. Dkt. 150 at 2 (emphasis added). *Hewitt* does not do so.

In *Hewitt*, the Eleventh Circuit held that the Commissioner's interpretation of the extinguishment proceeds regulation, 26 C.F.R. § 1.170A-14(g)(6)(ii), is arbitrary

1

and capricious and violates the procedural requirements of the Administrative Procedures Act. 2021 WL 6133999, at *1. The Eleventh Circuit's holding is limited to this discrete issue, and the court had no occasion to consider any other aspect of the taxpayer's conservation easement transaction, which was **not** a promoted syndicated conservation easement transaction like the SCE Strategies in this case. *See Hewitt v. Commissioner*, 119 T.C.M. (CCH) 1593, T.C.M. (RIA) 2020-089, at *14. Accordingly, the Eleventh Circuit has remanded for further proceedings. 2021 WL 6133999, at *12.

Even if the Conservation Easement Deeds for the TOT and High Point transactions here were "cured" of their noncompliance with the extinguishment proceeds regulation pursuant to *Hewitt*, the impact on Plaintiffs' claims against Bryan Cave is minimal, and certainly not fatal.[1] This is because **none** of Plaintiffs' claims against Bryan Cave turn **solely** on this alleged defect in the Deeds.

Plaintiffs' First Amended Class Action Complaint ("FAC") (Dkt. 105) specifically alleges that the SCE Strategy transactions promoted and implemented by Bryan Cave suffered from **numerous** flaws, including bogus or deficient

---

[1] Notably, Bryan Cave, as counsel to the TOT Syndicate and its members before the Tax Court, had the opportunity to challenge the validity of the same Treasury regulation but did not do so. Instead, it conceded the issue. *Hewitt*, 2021 WL 6133999, at *1 (citing *TOT Property Holdings, LLC v. Commissioner*, 1 F.4th 1354, 1362 & n.13 (11th Cir. 2021) ("[W]e turn to the applicable regulations, which Appellants concede are valid.")).

Appraisals, Appraisal Summaries, Conservation Easement Deeds, Baseline Documentation Reports, and tax returns. *E.g.*, FAC ¶¶ 8, 169-203. Bryan Cave itself acknowledges this in its Motion to Dismiss. *See* Dkt. 116-1 at 1 (arguing that Plaintiffs' claims seek to attack "every aspect" of the SCE Strategy transactions).

The FAC also makes explicit that the reasons Plaintiffs' claimed tax returns were audited and their claimed deductions disallowed were due to several of these flaws, and not just due to the Deeds' non-compliance with the extinguishment proceeds regulation. *See* FAC ¶ 116 (High Point FPAA indicating that claimed deduction did not meet the requirements of Code § 170); *id.* ¶¶ 119-20 (IRS seeking summary judgment in Tax Court on the ground that the claimed deduction did not meet "any of the requirements of Code § 170"); *id.* ¶ 158 (TOT FPAA indicating same); *id.* ¶ 161 (IRS asserting in Tax Court three grounds for upholding deduction disallowance, including issues with the extinguishment valuation provision, reservation of uses inconsistent with conservation interests, and gross inflation of the value of the conservation easement); *id.* ¶ 164 (Tax Court opinion identifying various issues with the claimed deduction). Furthermore, the fact that the IRS identified, and the Tax Court ruled on, only *one* of the flaws does not mean the bona fides of the SCE Strategy transactions were otherwise upheld, or that they are in fact legitimate.

*Hewitt* in no way mandates dismissal of Plaintiffs' claims, and Bryan Cave's Motion to Dismiss should be denied.

Dated: January 13, 2022

Respectfully submitted,

/s/ *Donna Lee*
David R. Deary*
davidd@ldsrlaw.com
W. Ralph Canada, Jr.*
ralphc@ldsrlaw.com
Jeven Sloan (GA Bar No. 652727)
jevens@ldsrlaw.com
Wilson E. Wray, Jr.*
wilsonw@ldsrlaw.com
John McKenzie*
johnm@ldsrlaw.com
Donna Lee*
donnal@ldsrlaw.com
Tyler M. Simpson*
tylers@ldsrlaw.com

**LOEWINSOHN DEARY SIMON RAY LLP**
12377 Merit Drive, Suite 900
Dallas, Texas 75251
(214) 572-1700 Telephone
(214) 572-1717 Facsimile
\* Admitted *Pro Hac Vice*

Edward J. Rappaport (GA Bar No. 594841)
erappaport@saylorlaw.com
**THE SAYLOR LAW FIRM LLP**
1201 W. Peachtree Street
Suite 3220
Atlanta, GA 30309
(404) 892-4400 Telephone

*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1

  /s/ Donna Lee

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 13, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system.

  /s/ Donna Lee