# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM R. PESKIN, MARK PERKINS; KENNETH L. KLAER; and MARIE R. KLAER, on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PEACHTREE INVESTMENT SOLUTIONS, LLC; DWAYNE PETERSON DAVIS; J. STEPHEN BUSH; OLD IVY CAPITAL PARTNERS, LLC; DANIEL S. CARBONARA; BRYAN CAVE LEIGHTON PAISNER, LLP; JOHN PAUL BARRIE; TENNILLE & ASSOCIATES, INC.; JEAN H. ROBERTS, in her capacity as Personal Representative for THE ESTATE OF DAVID R. ROBERTS; FOOTHILLS LAND CONSERVANCY, INC.; WILLIAM C. CLABOUGH, SR. and WARREN AVERETT, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-cv-00002-SCJ |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS FOOTHILLS LAND CONSERVANCY AND WILLIAM C. CLABOUGH, SR.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................. ii

I.   INTRODUCTION ...........................................................................................1

II.  ARGUMENT AND CITATION TO AUTHORITY ......................................2

   A.   Plaintiffs Have Failed To Plead Plausible RICO Claims
        Against the FLC Defendants .................................................................2

        1.   Plaintiffs still have not identified any predicate acts
             plausibly pled against the FLC Defendants ................................2

        2.   No allegations that the FLC Defendants operated or
             managed the alleged RICO enterprise .........................................5

   B.   Plaintiffs' Negligence Claim Still Fails Against the FLC
        Defendants .............................................................................................6

   C.   The SAC Still Fails to State an Actionable Claim for Fraud .................9

III. CONCLUSION ..............................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Atlanta Postal Credit Union v. Johnson*, 2017 WL 4890559,
  (N.D. Ga.  Aug. 15, 2017) ..............................................................................3

*Lechter v. Aprio, LLP*, 565 F. Supp. 3d 1279 (N.D. Ga. 2021) ........................... 4, 8, 9

*Middleton v. Int'l Bus. Machs. Corp.*, 787 F. App'x 619 (11th Cir. 2019)..................8

*Textile Rubber and Chemical Co., Inc. v. Thermo-Flex Technology, Inc.*,
  308 Ga. App. 89, 706 S.E.2d 728 (2011) .........................................................9

*TOT Property Holdings, LLC v. Commissioner of Internal Revenue*, 1
  F.4th 1354 (11th Cir. 2021) .............................................................................10

*Turk v. Morris Manning & Martin, LLP*, 593 F. Supp.3d 1258
  (N.D. Ga. 2022) ..................................................................................... passim

*United States v. Brown*, 505 F.3d 1229 (11th Cir. 2007) .........................................5

## I. INTRODUCTION

Plaintiffs have failed to demonstrate that any of their claims asserted in their Second Amended Complaint ("SAC") against Foothills Land Conservancy and its Executive Director, William C. Clabough, Sr. ("Clabough") (collectively, "FLC Defendants") should survive dismissal.

Plaintiffs have failed to identify any predicate acts of mail fraud or wire fraud committed by the FLC Defendants to support their RICO claims. Moreover, Plaintiffs' fraud and negligence claims should be dismissed because Plaintiffs have failed to identify any misrepresentation or false statement in any of the documents the FLC Defendants prepared. More importantly, the tax court did not disallow the tax deductions claimed by the Syndicates ("LLCs") based on any alleged defect in the documents prepared by the FLC Defendants. Plaintiffs also did not reasonably rely on the documents prepared by the FLC Defendants in making the decision to invest in the LLCs because the conservation easement deeds emphatically stated that the FLC Defendants were not making any representations as to the availability or amount of tax benefits based on the donations.

Finally, Plaintiffs have failed to show that the FLC Defendants "knew" that the appraisals conducted by certain co-Defendants were inflated because the SAC does not plausibly allege that the FLC Defendants have any expertise conducting

appraisals. For these and additional reasons set forth below, Plaintiffs' claims against the FLC Defendants should be dismissed.[1]

## II. ARGUMENT AND CITATION TO AUTHORITY[2]

### A. Plaintiffs Have Failed To Plead Plausible RICO Claims Against the FLC Defendants

#### 1. Plaintiffs still have not identified any predicate acts plausibly pled against the FLC Defendants

In a futile quest to identify any RICO predicate, Plaintiffs identify four purported predicate acts purportedly committed by the FLC Defendants. (Doc. 181, pp. 9-10) (quoting from SAC, ¶¶ 270 (e, f, g and i). Plaintiffs' reliance on the allegations set forth in SAC, ¶ 270(e) is misplaced because this subparagraph alleges that Defendants Bush and Peachtree – not the FLC Defendants -- emailed Plaintiff Marie Klaer a ballot and other items, including a draft of the conservation easement ("CE") Deed. As the Court recognized repeatedly in *Turk v. Morris Manning & Martin, LLP*, 593 F. Supp.3d 1258 (N.D. Ga. 2022), merely preparing documents does not constitute mail or wire fraud. *Id.* at 1303 (although law firm allegedly "drafted, reviewed and revised every document central to the SCE Strategy,"

---

[1] The FLC Defendants join Defendants' Joint Reply Brief in Support of Defendants' Motion to Dismiss Second Amended Complaint ("Joint Reply Brief") (Doc. 190) and incorporate herein all its arguments, authorities, and exhibits.

[2] The FLC Defendants concede that the Court has general jurisdiction over them.

plaintiffs "fail to point to any particular acts of mail or wire fraud committed by the MMS Defendants"); *id*. at 1307 ("As explained above, simply reviewing and preparing documents does not qualify as a predicate act of mail or wire fraud"); *id*. at 1307-08 (no predicate acts of mail or wire fraud by land trust company).

Plaintiffs then point to a letter sent by the FLC Defendants to TOT LLC acknowledging receipt of the conservation easement donation and another letter acknowledging receipt of a cash donation (SAC, ¶¶ 270 (f, g). (Doc. 181, pp. 9-10). Plaintiffs do not contend that these letters contain any false statements and or make any representations about the value of the conservation easement. Instead, Plaintiffs argue that, to constitute mail fraud, these letters "need only have furthered Defendants' fraudulent scheme to constitute a predicate act." (Doc. 181, p. 10) (citing *Atlanta Postal Credit Union v. Johnson*, 2017 WL 4890559, at *3 (N.D. Ga. Aug. 15, 2017)). *Johnson,* however, merely stands for the unremarkable proposition that submitting false and fabricated documents to a lender through the mail and wires on numerous occasions in order to obtain loans constituted the indictable offenses of mail fraud, wire fraud and bank fraud. *Id*. at *1-4. Here, sending letters to donors

3

acknowledging receipt of a donation hardly constitutes the indictable offense of mail fraud, and they were immaterial to the purported scheme.[3]

Indeed, at least two decisions from the Northern District of Georgia have held that such donation acknowledgment letters do <u>not</u> constitute a predicate act. *Turk*, 593 F. Supp.3d at 1308 (no predicate act because no allegations that land conversation defendants made misrepresentations about value of conservation easements in donation receipt letter or elsewhere); *Lechter v. Aprio, LLP*, 565 F. Supp. 3d 1279, 1325 (N.D. Ga. 2021) (finding no predicate act by land trust in sending letter confirming conveyance of conservation easement because it did not make any representation as to value of easement or potential tax benefits to plaintiffs). Plaintiffs' vain attempts to distinguish *Lechter* and *Turk* (Doc. 181, pp. 10-11) do not even address their holdings that the donation receipt letters do not constitute predicate acts.

Plaintiffs also rely on the existence of a March 22, 2014 email from Defendants Bush and Peachtree to Plaintiff Marie Klaer containing a link to various documents, including the two donation acknowledgment letters referenced above and the CE Deed. (SAC, ¶ 270(i)). (Doc. 181, pp. 9-10). Once again, this email was sent by Bush and Peachtree – <u>not</u> the FLC Defendants. Plaintiffs then contend that the FLC Defendants'

---

[3] Plaintiffs' assertions that the FLC Defendants "knew" that the CE transactions were not a legitimate transaction is conclusory and devoid of any well-pleaded facts alleged in the SAC.

preparation and/or verification of various allegedly false documents that were transmitted to Plaintiffs constitute additional predicate acts. (Doc. 181, p. 10). As stated above, however, *Turk* held that preparing or approving documents does <u>not</u> constitute mail fraud or wire fraud. *Turk*, *supra*. Moreover, the SAC alleges that these documents were transmitted to Plaintiffs by <u>other Defendants,</u> <u>not</u> the FLC Defendants.

### 2. **No allegations that the FLC Defendants operated or managed the alleged RICO enterprise**

Contrary to Plaintiffs' assertions, the SAC is devoid of any allegations plausibly showing that the FLC Defendants were "lower-level participants" who "knowingly implement[ed]" or "ma[de] decisions" that were "related to the affairs of the enterprise under the direction of upper management." (Doc. 181, pp. 11-12) (quoting *United States v. Brown*, 505 F.3d 1229, 1277 (11th Cir. 2007)).

In an unsuccessful attempt to show that the SAC plausibly alleges the FLC Defendants managed or operated the purported "enterprise" and did not merely engage in normal business activities, Plaintiffs contend that the FLC Defendants engaged in tasks that "were far different from those land trusts ordinarily perform." (Doc. 181, p. 12). Yet, the tasks that Plaintiffs list – identifying properties for potential donations, preparing Baseline Documentation Reports ("BDRs"), preparing

5

CE Deeds, signing Form 8283[4] and receiving fees for these services (*id*) – are <u>precisely</u> the ordinary tasks of land trust companies such as the FLC Defendants, and Plaintiffs have failed to plausibly plead otherwise.

## B.    <u>Plaintiffs' Negligence Claim Still Fails Against the FLC Defendants</u>

Plaintiffs have failed to cite any authority supporting their contention that the FLC Defendants owed them any duty of care in light of the fact that the FLC Defendants did not know who the members of the LLCs were, had no interactions with them and did not provide them with any services or advice.

Even if the FLC Defendants owed Plaintiffs any duty, Plaintiffs have failed to identify any breach of duty. Although Plaintiffs repeatedly proclaim the CE Deeds contained "omissions and misrepresentations," the only specific criticism Plaintiffs offer[5] is that the TOT CE Deed reserved the right of the LLC to engage in commercial forestry. (SAC, ¶¶ 142, 162). The CE Deeds, however, placed <u>substantial</u> limits on the LLC's ability to engage in commercial forestry, including the requirement that the

---

[4] As discussed in the FLC Defendants' opening brief (Doc. 174-1, p. 16) and not refuted by Plaintiffs, the FLC Defendants did <u>not</u> sign the Appraisal Summary portion of Form 8283, and the section of the form that the FLC Defendants did sign emphasized that they were not expressing agreement with the fair market value stated on the Appraisal Summary portion of the form.

[5] Plaintiffs' allegation that the extinguishment valuation provision in the CE Deeds was defective (SAC, ¶ 162) has been eviscerated by the Eleventh Circuit. (Doc. 150).

LLC must first prepare a forest management plan approved by the Tennessee Division of Forestry, and its prohibition against commercial forestry in any area designated by FLC Defendants as a "Sensitive Natural Area" and other designated areas. (Doc. 118-4 and Doc. 118-7, pp. 12-13,16-19, at ¶¶ 3.12, 3.13, 3.15, 4.9; Clabough Decl. (Doc. 174-2), Exs. B and E, at pp. 11-12,15-18). Plaintiffs have failed to cite any case law, regulation or any other legal authority holding that allowing commercial forestry with these restrictions renders a conservation easement disqualified from eligibility for a tax deduction.

Plaintiffs' bluster regarding purported "omissions and misrepresentations" in the BDRs prepared by the FLC Defendants likewise is meritless. Plaintiffs allege that the BDRs relied on the inflated appraisals prepared by Defendant Tennille & Associates, Inc. and its appraiser, David R. Roberts. (SAC, ¶ 190). Plaintiffs failed to cite any portion of the BDRs that relied on (or even mentioned) the appraisals performed by Tennille and Roberts. (Doc. 118-5; Doc. 118-8; Doc. 174-2 (Clabough Decl., Exs. C, F). Plaintiffs also contend that the BDRs failed to sufficiently substantiate an exclusive conservation purpose (SAC, ¶ 191), but they provide no examples or legal authority in support of these assertions. (*Id.*; Doc. 181, pp. 13-14).[6]

---

[6] It is uncontroverted that the FLC Defendants did not prepare the Appraisal Summaries portion of Form 8283. (Doc. 174-1, p. 16; Doc. 181, p. 13).

7

Nor can Plaintiffs demonstrate that any alleged deficiencies with the CE Deeds or BDRs caused any damage to Plaintiffs. Although Plaintiffs point out that the IRS argued that the allowance for commercial forestry defeated the conservation purpose in the conservation easement, Plaintiffs cannot escape the fact that the tax court ultimately disallowed the deduction on other grounds. (Doc. 181, p. 15).

Plaintiffs also cannot escape the disclaimers in the CE Deeds stating that the FLC Defendants were not making any representations as to the availability or amount of any tax deduction or tax benefit available as a result of the donation. (Clabough Decl. (Doc. 174-2), Ex. B, p. 25, ¶ 8.3; Ex. E, pp. 26-27, ¶ 8.3). Indeed, Plaintiffs emphasize that they relied on the draft CE Deeds before making the decision to invest and relied on the final version before making the final decision to claim the tax deduction. (Doc. 181, p. 13 & n. 8). Plaintiffs nevertheless contend that these disclaimers do not render their reliance on the CE Deeds unreasonable as a matter of law because Plaintiffs did not sign the CE Deeds and did not make any representations. (Doc. 181, pp. 14-15). But the same is true of the disclaimers in the promotional materials in this case, *Turk* and *Lechter*. (Joint Brief, pp. 10-12, 33 & n.10); *Turk*, 593 F. Supp.3d at 1294-95 & n.24; *Lechter*, 565 F. Supp.3d at 1321-22 (citing *Middleton v. Int'l Bus. Machs. Corp.*, 787 F. App'x 619, 622 (11th Cir. 2019)) (under Georgia law, "the mere presence of disclaimers" may render reliance unreasonable). Moreover,

8

unlike *Lechter*, Plaintiffs have not alleged any separate communications with the FLC Defendants wherein they provided Plaintiffs with advice regarding the availability and amount of tax benefits notwithstanding the disclaimers in the CE Deeds. *Compare Turk*, 593 F. Supp.3d at 1295-96 *with Lechter*, 565 F. Supp.3d at 1322-22.[7]

## C.   The SAC Still Fails to State an Actionable Claim for Fraud

Plaintiffs contend that the CE Deeds, BDRs and the Appraisal Summaries (Form 8283) contained false representations that they relied upon. (Doc. 181, pp. 15-17). For the reasons set forth in Section B above, these assertions are meritless. In addition, the SAC is devoid of anything other than conclusory allegations that the FLC Defendants <u>knew</u> that the CE Deeds and BDRs were defective and would result in disallowance of a tax deduction for the donation of the conservation easements.

Finally, Plaintiffs argue that the SAC plausibly alleges that the FLC Defendants knew that the appraisals for the donated property were inflated because the FLC Defendants visited the properties that were to be donated and the landowners who owned these properties, which meant they had knowledge of the cost basis for the properties. (Doc. 181, pp. 11, 16). Even if true, these allegations

---

[7] Plaintiffs' reliance on *Textile Rubber and Chemical Co., Inc. v. Thermo-Flex Technology, Inc.*, 308 Ga. App. 89, 706 S.E.2d 728 (2011) (Doc. 181, p. 14) is inapposite. Unlike this case, the cross-claim defendants in that case were not a party to the agreement containing the disclaimers upon which they relied.

do not plausibly allege that the FLC Defendants knew what Defendant Tennille and Roberts had appraised the conservations easements as being worth, much less that these appraisals were inflated based on the myriad of factors that must be considered to determine a property's highest and best use. *See generally TOT Property Holdings, LLC v. Commissioner of Internal Revenue*, 1 F.4th 1354, 1369-70 (11th Cir. 2021) (summarizing appraisal factors). The FLC Defendants are not appraisers, and conducting appraisals is not within their area of expertise. The SAC does not plausibly plead any allegations suggesting otherwise. For this reason, as previously discussed, the FLC Defendants disclaimed any representation as the amount of the donation not only in the CE Deeds, but also on Form 8283.

## III.  CONCLUSION

For the foregoing reasons, and as further detailed in Defendants' Joint Reply Brief, the Court should dismiss with prejudice all of Plaintiffs' claims without leave to amend.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 380162
bbuechner@fmglaw.com

*Attorneys for Foothills Land Conservancy and William C. Clabough, Sr.*


100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 28th day of February, 2023.

FREEMAN MATHIS & GARY, LLP

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Foothills Land Conservancy and William C. Clabough, Sr.*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **Reply Brief in Support of Defendants Foothills Land Conservancy and William C. Clabough, Sr.'s Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record who are CM/ECF participants.

This 28th day of February, 2023.

>  */s/ Dana K. Maine*
> Dana K. Maine
> Georgia Bar No. 466580
> dmaine@fmglaw.com
>
>
> *Attorney for Foothills Land Conservancy and William C. Clabough, Sr.*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

13